IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TALKDESK, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 20-1699-RGA |
| | : | |
| MITEL NETWORKS (INTERNATIONAL) LTD., | : | |
| | : | |
| Defendant. | : | |

ORDER DENYING TRO

Plaintiff Talkdesk filed a lawsuit against Defendant Mitel last December. (D.I. 1). It is a breach of contract suit that seeks $6,000,000+ in damages and a declaration that Plaintiff's agreement with Defendant is a binding contract obligating Mitel to make additional payments.

Talkdesk "is a cloud contact center solution that offers an enterprise call center as a service." (*Id.* at 2). Mitel makes telecommunications equipment. (*Id.*) The agreement provided for minimum payments from Mitel to Talkdesk of $1,500,000 no later than May 1, 2020, $2,500,000, no later than May 1, 2021, etc. (*Id.* at 3). Talkdesk invoiced Mitel for about $745,000, in April 2020, but was not paid. (*Id.* at 4). Mitel disputes that it owes anything.

Mitel filed counterclaims. The gist of the counterclaims is that Talkdesk breached the contract as early as August 2019. (D.I. 6 at 10). Mitel further alleges that when Talkdesk did perform, its performance was bad. (*Id.* at 11). In addition, Talkdesk started to compete with Mitel. (*Id.* at 12).

The original agreement was amended. (*Id*. at 15). Then Mitel terminated the agreement on October 2, 2020. (*Id*. at 16-17). Mitel alleges breach of contract with more than $6,000,000+ damages as well as some tort injuries. (*Id.* at 21).

In a rather ironic twist, although Mitel has terminated the contract, it has now filed a motion for a TRO to order Talkdesk to keep performing under the contract. (D.I. 38).[1] Talkdesk is discontinuing its enterprise call center services for Mitel on March 15, 2021. (D.I. 38). There is substantial briefing on the TRO motion. (D.I. 21, 27, 44, 45).

I consider the usual four factors for a TRO, which are the same as for a preliminary injunction. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

On the likelihood of success on the merits, I do not have sufficient time to formulate a general opinion, but I do think the likelihood that one side or the other will recover $6,000,000 damages is not what is at issue for consideration of this factor. The relevant issue would be, can Mitel require Talkdesk to perform enterprise call center services for some period of time after Mitel has terminated the contract for breach of contract. I am not persuaded that Mitel can. In that regard, the prayer for relief for Mitel's counterclaims is instructive. It specifically requests only three things: (1) damages; (2) a declaration that Talkdesk breached the agreement, Mitel validly terminated it, and Talkdesk is not entitled to any recovery of "annual minimum commitments;" and (3) costs and expenses. I therefore am not convinced that the lawsuit is even about what Mitel now seeks. Mitel has not shown a likelihood of success on the merits.

---

[1] Mitel relies upon sections 3(c) & 3(d) of the contract. (D.I. 39-1 at 3 of 117). I don't think those provisions help Mitel because they appear to involve a three-year sales period and discuss "termination" occurring after that time.

I do not think Mitel has shown irreparable harm. If Mitel is damaged, it can get contractual (and maybe tort) damages from Talkdesk. If Mitel's customers are harmed because Mitel has breached its agreements with them, presumably the customers can sue Mitel (if not Talkdesk) for their damages. The customers have an agreement for call center services with someone; if customers are harmed, damages should make them whole.

I do not see the balance of equities as favoring either side.

On balance, a TRO would probably be in the public interest, as it might avoid more litigation involving third parties.

So, even if I were to consider, contrary to what I have said above, that Mitel has shown a likelihood of success on the merits, I would deny the motion.

The motion for a TRO (D.I. 38) is **DENIED**.

/s/ Richard G. Andrews  
United States District Judge